[Filed June 24, 1886.]

## JOHN NODINE *v.* CITY OF UNION.

CRIMINAL LAW — MUNICIPAL CORPORATIONS — COMPLAINT — VIOLATION OF ORDINANCE. — In a prosecution for violation of a city ordinance prior to the act of February 25, 1885, it is not sufficient in the complaint merely to refer to the ordinance by its number, but the ordinance should be set out or recited.

UNION COUNTY.   Plaintiff appeals.   Reversed.

*J. W. Shelton* and *William M. Ramsay*, for Appellant.

*R. Eakin*, for Respondent.

THAYER, J.    The appellant was convicted in the Recorder's Court of the city of Union of the violation of an alleged ordinance of said city. The complaint upon which he was convicted did not set out the ordinance. It merely referred to it as ordinance No. 51. It charged the appellant with having violated said ordinance by riding a horse at a greater rate of speed than six miles per hour through and along the streets of said city. The appellant, upon being brought before the recorder, interposed a demurrer to the complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action against him, and upon the further ground that the recorder had no jurisdiction of the alleged offense. The demurrer was overruled, and thereupon the appellant pleaded "not guilty." A trial was had thereon, and he was convicted and fined ten dollars. He sued out a writ of review from the Circuit Court for said county of Union, which was heard by said court and dismissed. And from the judgment entered thereon this appeal is taken.

There is but one question in the case that requires consideration, and that is as to the sufficiency of the complaint. I am satisfied that it is not sufficient to merely refer to a city ordinance by its number in a complaint for the violation of such ordinance. Since the act of the legislative assembly of this state, approved February 16, 1885, went into effect, it would be sufficient in pleading such an ordinance to refer to it by its title and the date of its approval. In the absence, however, of such a statute, the part of the ordinance alleged to have been violated must, as claimed by the appellant's counsel, be set out or recited. (1 Dillon on Municipal Corporations, 3d ed., sec. 414; *Keeler* v. *Milledge*, 24 N. J. L. 142; *Fink* v. *City of Milwaukee*, 17 Wis. 27.) Otherwise the defendant would not be informed of the nature

and cause of the accusation against him. The recorder might know what the ordinance was, but the defendant would not.

The overruling of the demurrer was error, and the judgment of the recorder and that of Circuit Court should therefore be reversed.