Argued 26 March, decided 23 April, 1907.

## NICHOLS v. SALEM.

89 Pac. 804.

MUNICIPAL CORPORATIONS—GOVERNMENTAL POWERS—CONSTRUCTION OF CHARTER—CONTROL OVER VAGRANCY.

1. Under a provision of a city charter investing the common council with the exclusive power to define what shall constitute vagrancy, and to provide for the support, punishment and employment of vagrants and paupers, the common council has power, not only to declare what shall constitute vagrancy, but also to provide for the punishment of persons guilty thereof, the power to punish being coextensive with the power to define.

EVIDENCE OF EXISTENCE OF CITY CHARTER.

2. The certificate of the city recorder, attached to his return to a writ of review in a criminal case tried before him, that he had not annexed a copy of a certain ordinance because he could not find the original thereof in his office, is not sufficient to overcome the presumption that such ordinance was in existence when the case was tried in the recorder's court.

SUFFICIENT PLEA OF AN ORDINANCE IN A MUNICIPAL COURT.

3. In a prosecution for the violation of a municipal ordinance, it is sufficient to refer in the complaint to the ordinance by title, number and date of approval, and it is not necessary to set out the ordinance in full or according to its legal effect, though the court does not pass on the question of the necessity of pleading the ordinance at all.

From Marion: ROBERT GALLOWAY, Judge.

E. E. Nichols was convicted of vagrancy, etc., in the Municipal Court of the City of Salem. From a judgment of the circuit court affirming a judgment of the municipal court, he appeals.

AFFIRMED.

For appellant there was an oral argument by *Mr. Webster Holmes,* with a brief over the names of *W. H. Holmes* and *Webster Holmes,* to this effect.

I. The charter of the City of Salem, as it stood at the time of the alleged passage of the alleged Ordinance No. 223, only gave the city power to define what should constitute vagrancy, and did not give power to make the crime of vagrancy punishable, so that any attempt by the city to do so is *ultra vires*. Laws 1891, p. 1091, § 6, subd. 28.

II. The city must have had in existence the ordinance under which they attempted to try and convict, in such form as could have been introduced in evidence; and that must have been in the form of the original thereof or of some authorized compilation of the ordinances of said city, and simply a purported copy in the alleged record of ordinances would be insufficient; and the return of the recorder to said writ of review shows that the recorder had no such original in his possession or custody, and said return fails to show that there was any authorized compilation of ordinances of said city: B. & C. Comp. § 755, subd. 5.

III. The amended complaint does not sufficiently plead the alleged ordinance for the reason that it fails to set forth the provisions of the ordinance or that part thereof claimed to have been violated by appellant *in haec verba,* or pleading the legal effect thereof, which is required in matters of criminal or penal nature: *Fink* v. *Milwaukee,* 17 Wis. 26; *Woods* v. *Prineville,* 19 Or. 108, 110 (23 Pac. 880).

For respondent there was an oral argument by *Mr. A. O. Condit,* with a brief to this effect.

1. The charter of Salem, as it stood when Ordinance No. 223 was passed, gave the city authority

"To define what shall constitute vagrancy, and to provide for the support, restraint, punishment, working and employment of vagrants and paupers";

And further power

"To make by-laws and ordinances not inconsistent with the laws of the United States or of this state to carry into effect the

provisions of this charter, and to provide for the punishment of persons violating city ordinances by fine or imprisonment or both": Laws 1891, p. 1091, § 6, subds. 27, 28.

Ordinance 223 of the City of Salem clearly defines vagrancy by setting out the acts the doing of which constitutes the offender a vagrant, and provides a punishment therefor, which is sufficient without declaring such acts unlawful in terms: *Portland* v. *Yick,* 44 Or. 439, 446 (102 Am. St. Rep. 633 : 75 Pac. 706).

2. A book in which all the ordinances of the town are recorded, kept in its custody, is sufficient proof of the existence of an ordinance contained therein: 17 Am. & Eng. Enc. Law (1 ed.), 267; *Barnes* v. *Alexander City,* 89 Ala. —.

3. It is not necessary to plead an ordinance in a criminal proceeding in a municipal court, since such courts will take judicial notice of the ordinance of the municipality in like manner and for like purposes as the courts of the state take judicial cognizance of the public statutes of the state, and, in the event of an appeal to the circuit court, although by the rules of law the case is to be tried *de novo,* the circuit court will take like judicial notice of such ordinances as the municipal courts: *Portland* v. *Yick,* 44 Or. 439, 445 (102 Am. St. Rep. 633 : 75 Pac. 706) ; *Ex parte Davis,* 115 Cal. 446; *Conboy* v. *Iowa City,* 2 Iowa, 95; *State* v. *Leiber,* 11 Iowa, 409 ; *La Porte City* v. *Goodfellow,* 47 Iowa, 573; *West* v. *Columbus,* 20 Kan, 635; *Solomon* v. *Hughes,* 24 Kan. 212; *Downing* v. *Miltonvale,* 36 Kan. 741; *Wheeling* v. *Black,* 25 W. Va. 281; *Moundsville* v. *Velton,* 35 W. Va. 218; *Anderson* v. *O'Donnell,* 29 S. Car. 355 (1 L. R. A. 632 : 13 Am. St. Rep. 728) ; 15 Enc. Pl. & Pr. 425; 1 Dillon, Munic. Corp. (4 ed.), § 413.

4. In those cases where it is necessary to set out the ordinance in the pleadings it is sufficient to refer to such ordinance by its title and the date of its approval, whereupon the court will take judicial notice thereof: B. & C. Comp. § 90; 15 Enc. Pl. & Pr. 426; *Nodine* v. *City of Union,* 13 Or. 587 (11 Pac. 298) ; *Woods* v. *Prineville,* 19 Or. 108, 110 (23 Pac. 880) ; *Amestoy* v. *Electric Rapid Transit Co.* 95 Cal. 315.

MR. CHIEF JUSTICE BEAN delivered the opinion.

On February 6, 1905, the plaintiff was tried and convicted in the Municipal Court of the City of Salem on a complaint charging him with the crime of vagrancy, committed by unlawfully and wrongfully frequenting and living in a house of ill fame, and being without visible means of living, and without lawful occupation and employment, "contrary to the provisions of Section 1 of Ordinance 223, entitled:

"An Ordinance to define and punish vagrancy, approved by the mayor of the said city on the 15th day of September, 1891."

He thereafter sued out a writ of review to have the judgment of the municipal court annulled and set aside on the grounds (1) that the ordinance under which he was tried and convicted was void, because not within the power of the city to enact; (2) that there was not sufficient proof of the existence of such an ordinance; and (3) that the complaint was insufficient because it did not set out the ordinance alleged to have been violated *in haec verba* or in legal effect, but only referred to it by title, number and date of approval. The judgment of the municipal court was affirmed, and he appeals.

By the charter of the City of Salem the common council is given the exclusive power

"To define what shall constitute vagrancy, and to provide for the support, restraint, punishment, working and employment of vagrants and paupers": Laws 1891, p. 1091.

The ordinance under which plaintiff was prosecuted is entitled and provides as follows:

"An Ordinance to Define and Punish Vagrancy."

"Section 1. Any person or persons who live idly or live without any settled homes, or who have no visible means of living or lawful occupation or employment, or are found begging or living in tippling houses, opium smoking houses, bawdy houses, houses of ill fame, or who shall frequent tippling houses, bawdy houses, houses of ill fame, opium smoking houses, or houses wherein opium is smoked, or houses generally reputed or of common report to be bawdy houses or houses of ill fame, is hereby defined to be a vagrant.

Sec. 2. Any person or persons convicted of being a vagrant, as defined in the foregoing section, shall be fined not less than $5. nor more than $100, or be imprisoned in the city jail not less than five days, nor more than twenty days."

1. The position of the plaintiff, as we understand it, is that while the city may, under its charter, define vagrancy, it has no power to provide for the punishment of the crime so defined, the authority to punish being confined solely to common-law vagrancy. The charter is the organic law of the city, and was designed to confer upon the inhabitants of the given locality certain police powers and duties. It should, therefore, receive a reasonable construction to effect the purposes intended. When so construed, it is apparent that the charter was intended to, and did, confer upon the common council the power to declare what shall constitute vagrancy, and to provide for the punishment of persons guilty thereof. Vagrancy is the state of being a vagrant. The power to define vagrancy is simply the power to declare what shall constitute a vagrant, and express authority is given by the charter to provide for the punishment of vagrants. When, therefore, the city, by ordinances, declared that any person living idly or without any settled home, or without any visible means of living, or lawful occupation and employment, or found begging, or living in or frequenting certain disreputable houses, shall be deemed a vagrant, and punished in a certain manner, it in effect defined vagrancy and provided for its punishment.

2. It is next contended that there was no such ordinance at the time of plaintiff's trial and conviction. There is nothing in the record upon this subject except the certificate of the city recorder, annexed to his return to the writ of review, stating that in June, 1905, he was unable to find among the records of his office the original of such ordinance. This is no evidence that the ordinance was not in existence at the time of plaintiff's trial and conviction some months prior to the date of the recorder's certificate, and we are bound in this proceeding to assume such to have been the fact.

3. It is further contended that the complaint upon which

plaintiff was tried and convicted is insufficient because it does not set out the ordinance which he was charged with violating, either in full or in legal effect. There seems to be some conflict in the authorities as to whether it is necessary to plead a municipal ordinance in a municipal court, since such court will take judicial notice of ordinances on the ground that they are the law of the forum: 15 Enc. Pl. & Pr. 425; *Portland* v. *Yick,* 44 Or. 439 (75 Pac. 706: 102 Am. St. Rep. 633). But, whatever the true rule may be on the subject, it is sufficient in proceedings in a municipal court to refer in the pleadings to an ordinance by title, number and date of approval, as was done in this case: *Nodine* v. *City of Union,* 13 Or. 587 (11 Pac. 298); 15 Enc. Pl. & Pr. 426.

Finding no error in the record, the judgment is affirmed.

AFFIRMED.